OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and judgment is directed to be entered in favor of plaintiff in the sum of $594, plus reasonable attorney’s fees to be determined following an assessment.
On March 14, 2001, plaintiff, which is in the business of renting and laundering uniforms, and defendant, an auto body shop, entered into a three-year agreement whereby plaintiff was to provide uniforms to defendant for the use of defendant’s employees, and to launder them and replace said uniforms when they were “beyond normal wear and tear.” The parties had entered into substantially similar contracts in past years. A little over one year after execution of the contract, defendant informed plaintiff that it was cancelling the contract because the uniforms had not been adequately cleaned or replaced, in accordance with the terms of the agreement. Plaintiff brought an action for breach of contract, seeking damages for unpaid service charges, damages for defendant’s failure to return uniforms, enforcement of a liquidated damages clause, and reasonable attorney’s fees pursuant to the contract. The court *3 below dismissed the cause of action for unpaid service charges, finding that the amounts claimed by plaintiff had already been paid by defendant, and awarded plaintiff $594 for the unreturned uniforms, $6,482.10 as liquidated damages for defendant’s improper cancellation of the contract, and $1,415.22 as reasonable attorney’s fees. In determining the amount of reasonable attorney’s fees to be awarded, since the contract did not fix a specific amount or percentage, the court adopted a formula based upon a percentage of the recovery, i.e., 20% of the principal amount of the damages. The court further found, in enforcing the liquidated damages clause, that although the garments had been damaged “beyond normal wear and tear,” defendant failed to notify plaintiff of its dissatisfaction with plaintiffs services and its desire to have any of the uniforms replaced. Accordingly, defendant was not justified in unilaterally cancelling the contract.
Defendant contends on appeal that the court erred in finding that it had not adequately notified plaintiff of plaintiffs breach in failing to properly clean and/or replace the uniforms. It further argues that the liquidated damages clause should not be enforced since its terms are ambiguous and since the formula for assessing such damages is unreasonable.
We find that plaintiff sufficiently demonstrated that defendant failed to return to it a certain number of uniforms and that the contract obligated defendant to pay plaintiff for said loss. The court below therefore properly applied the formula set forth in the contract to arrive at a depreciated value of $594 for the unreturned uniforms.
Although we do not feel that the terms of the liquidated damages clause were either ambiguous or unreasonable, we do find, after having reviewed the record, that defendant sufficiently notified plaintiff of its dissatisfaction with the condition of the uniforms being furnished by plaintiff following its weekly laundering of same. In addition to a letter written by defendant’s attorney in which the latter stated that the “uniforms are consistently not being cleaned,” defendant made notations on at least four invoices returned to plaintiff that the uniforms were “dirty,” “damaged,” “not repaired” and “ripped.” A videotape submitted by defendant at trial reveals that most of the uniforms which were supposedly cleaned were remarkably soiled and in extremely poor condition, “beyond normal wear and tear.” Where a party to a contract seeks to hold the other party to a stipulation for liquidated damages, that party must show *4 that it has fully performed, its obligations under the terms of the contract or that their fulfillment has been waived (see 36 NY Jur 2d, Damages § 169). It is apparent that plaintiff failed to perform its obligations under the contract. Accordingly, the court erred in enforcing the terms of the liquidated damages clause and in awarding damages under that provision.
In light of the foregoing, and inasmuch as the award of attorney’s fees was predicated upon a percentage of the amount of the recovery, which amount has now been reduced, the matter is remanded to the trial court for reconsideration of its determination as to reasonable attorney’s fees.
McCabe, EJ., Covello and Tanenbaum, JJ., concur.